UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA SAITO,

    Plaintiffs,

v.                                  Case No.:  2:23-cv-506-SPC-KCD

COREY LEWIS, PRATIK PATEL, DE CUBAS AND LEWIS, PA, MOLLY EMMA CAREY, STATE OF FLORIDA and JOSEPH FOSTER,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are pro se Plaintiffs Koichi Saito's and Lynnea Saito's Objection and Demand for Reconsideration (Doc. 5) and Amended Notice of Removal (Doc. 6).  The Saitos ask the Court to reconsider its remand of this case back to state court.  (Doc. 4).  For the following reasons, the Court denies the Saitos' request for reconsideration and strikes the amended notice.

The Saitos are defendants in a residential foreclosure state court case (Case No. #11-2023-CA-000138) that they attempted to remove here (Doc. 1).  Because the Court found the removal suffered from deficiencies—it failed to contain a short and plain statement of a grounds for removal and the state court papers, and the Saitos never paid the filing fee or moved for leave to

proceed in forma pauperis—the Court remanded. The Saitos now seek reconsideration.

"Under Federal Rule of Civil Procedure 59(e), a party may ask a district court to reconsider an earlier ruling." *Hill v. Escambia Cnty. Sherriff's Off.*, No. 21-10631, 2022 WL 1297809, at *3 (11th Cir. May 2, 2022). But reconsideration under Rule 59(e) is not all encompassing. It is appropriate to correct "manifest errors of law or fact." *Jenkins v. Anton,* 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be used to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And lastly, a Rule 59(e) motion might work "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021).

Similarly, Rule 60(b) provides for relief from judgments on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence." Fed. R. Civ. P. 60(b)(1)-(2). "A mistake under Fed. R. Civ. P. 60(b)(1) includes a judge's errors of law." *Kemp v. United States,* 142 S. Ct. 1856, 1862 (2022).

The decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted). They are granted sparingly, and neither a Rule 59(e) motion nor a Rule 60(b) motion can be used as a vehicle through which to "relitigate

2

old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *Arthur*, 500 F.3d at 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

The Saitos fail to establish the appropriateness of reconsideration. Boiled down, their arguments for reconsideration are (1) their original removal notice had a short and plain statement of the grounds for removal, and (2) they need not pay the filing fee because this removal is related to another case they filed (2:23-cv-00266), in which they paid the filing fee. The Saitos allege no intervening changes in law or newly discovered evidence, so the Court focuses on whether any errors of law or fact occurred, or reconsideration is needed to correct a manifest injustice. Neither exists here.

In their original removal, the Saitos stated, "There have been, and continue to be, violations against the civil and constitutional rights of these undersigned Defendants in this cause, and which have not been duly protected." (Doc. 5 at 3; Doc. 1 at 1). There was no error or injustice committed in finding that this was not a plain statement of the grounds for removal of this state foreclosure case. Nothing indicates what rights were violated and how. Further, it is simply incorrect that the Saitos need not pay the filing fee

3

or move for leave to proceed in forma pauperis, even if this case is related to Case No. 2:23-cv-00266. The Saitos chose to file that case and then seek to remove this state foreclosure action. The removal thus required a separate filing fee or for the Saitos to move for leave to proceed in forma pauperis.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Objection and Demand for Reconsideration (Doc. 5) is **DENIED**.

2. This case remains remanded. The Court **STRIKES** Plaintiffs' Amended Notice of Removal (Doc. 6).

**DONE** and **ORDERED** in Fort Myers, Florida on August 28, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4